UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARLENE HUDSON,

                              Plaintiff,

-against-                                                  06-CV-1534

BRIAN FISCHER, in his capacity as
Commissioner of the NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,[1]
and ADRIAN BRUNSON,

                              Defendants.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

Plaintiff, an employee of the New York State Department of Correctional Services ("DOCS"), commenced this action asserting claims of employment discrimination under Title VII, 42 U.S.C § 2000e, *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.* ("HRL"). Defendants move pursuant to FED. R. CIV. P. 12(c) to dismiss certain claims asserted in the Complaint. Plaintiff has failed to

___

[1] Plaintiff originally sued "LUCIEN LECLAIRE, JR. in his capacity as Acting Commissioner of the NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES." On March 17, 2007, Brian Fischer became the Commissioner of the New York State Department of Correctional Services. Inasmuch as (1) Plaintiff makes no allegations against LeClaire in his individual capacity, and (2) "[l]awsuits against state officials in their official capacities are not lawsuits against these individuals but, rather, are lawsuits against the official's office," A.A. v. Board of Edu., 2002 WL 654319, at *4 (E.D.N.Y. April 18, 2002), Fisher is substituted for LeClaire pursuant to Fed. R. Civ. P. 25(d)(1).

1

respond to Defendants' motion and her time to submit opposition has expired.

## II. STANDARD OF REVIEW

The standard for a motion pursuant to FED. R. CIV. P. 12(c)("motion for judgment upon the pleadings") is the same as one under FED. R. CIV. P. 12(b)(6). Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).  A court may dismiss an action pursuant FED. R. CIV. P. 12(b)(6) only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief.'" Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In considering the motion, the court must take "as true the facts alleged in the complaint and draw[ ] all reasonable inferences in the plaintiff's favor." Jackson Nat. Life Ins. v. Merrill Lynch & Co., 32 F.3d 697, 699-700 (2d Cir. 1994).

## III. BACKGROUND

Plaintiff asserts two causes of action in the Complaint.  Compl. [dkt. # 1].  The first, brought against both defendants, alleges that the defendants violated her rights under Title VII. Id.  ¶¶ 24-29.  The second, brought solely against Defendant Fischer in his official capacity, see fn. 1, *supra*, asserts a violation of the New York State HRL. Id. ¶¶ 31-34.  Defendant Brunson moves for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) on the grounds that individuals my not be held liable under Title VII.  Defendant Fischer moves for partial judgment on the pleadings on the grounds that the Eleventh Amendment precludes Plaintiff's HRL claims asserted in the Second Cause of Action.

## IV. DISCUSSION

The failure to oppose a motion seeking to dismiss a claim is deemed abandonment

of the claim, see Rizzo-Puccio v. College Auxiliary Services, Inc., 216 F.3d 1073 (2d Cir. 2000)(claims not addressed in opposition to defendants' motion for summary judgment were deemed abandoned), and, in the Northern District of New York, is deemed consent to granting the motion. See Bundy Am. Corp. v. K-Z Rental Leasing, Inc., 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)(Hurd, J.); Beers v. General Motors Corp., 1999 WL 325378, at *8 (N.D.N.Y. May 17, 1999) (McCurn, S.J.).  Plaintiff's failure to oppose the instant motion is deemed implicit consent to granting the motion.[2]

Further, the challenged claims are subject to dismissal under prevailing law.  It is well-settled in this Circuit that individuals are not liable under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); see also, Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*) ("individuals are not subject to liability under Title VII."). Accordingly, Plaintiff's Title VII claims against Defendant Brunson must be dismissed.  As that is the only cause of action directed at him, he must be dismissed from this action.

The Second Cause of Action must also be dismissed. Brian Fischer, in his capacity as Commissioner of the New York State Department of Correctional Services, is the only defendant named in the Second Cause of Action. See fn. 1, *supra*.  "Lawsuits against state officials in their official capacities are not lawsuits against these individuals but, rather, are lawsuits against the official's office." A.A. v. Board of Edu., 2002 WL 654319, at *4 (E.D.N.Y. April 18, 2002).  As such, they are "no different from a suit against the State

---

[2] Plaintiff's counsel would be well advised to consult the Local Rules.  These provide, *inter alia*, that the Court may impose sanctions on a party or an attorney who does not intend to oppose a motion but who does not notify the Court and the other parties of such intention fourteen days prior to the scheduled return date of the motion. See N.Y.N.D.L.R. 7.1(b)(3).  The scheduled return date of the instant motion is May 25, 2007.

itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

The Second Cause of Action asserts claims under the New York HRL. However,

> [i]n addition to prohibiting suits against a state based upon federal law, the Eleventh Amendment also protects states against suit in federal court for violations of state law. [Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 122 (1984)]. New York State has not waived its Eleventh Amendment immunity with respect to claims brought under the Human Rights Law. See Pazamickas v. N.Y. State Office of Mental Retardation & Dev. Disabilities, 963 F. Supp. 190, 196-97 (N.D.N.Y. 1997); Jungels v. State Univ. College of New York, 922 F.Supp. 779, 784 (W.D.N.Y. 1996), aff'd, 112 F.3d 504 (2d Cir. 1997).

Shepherd v. Buffalo Psychiatric Ctr,, 2006 WL 3333079, at * 2 (W.D.N.Y. Nov. 16, 2006).

Thus, the Second Cause of Action is barred by the Eleventh Amendment and must be dismissed. Pazamickas, 963 F. Supp. at 196 -197 ("Nothing in the HRL provides any basis for finding that New York State has waived Eleventh Amendment immunity thereunder. Thus, plaintiff's HRL claims against defendant, a state agency, are barred by the Eleventh Amendment.")(citations omitted).

## V. CONCLUSION

For the reasons set forth above, Defendants' motion pursuant to FED. R. CIV. P. 12(c) is **GRANTED**. Therefore, it is hereby

**ORDERED** that Plaintiff's Title VII claims asserted against Defendant ADRIAN BRUNSON in the First Cause of Action are **DISMISSED**. As that is the only cause of action directed at Defendant ADRIAN BRUNSON, he is dismissed from this action. And it is further

**ORDERED** that the Second Cause of Action is **DISMISSED**. And it is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk of the Court shall

amend the docket to reflect that "BRIAN FISCHER, in his capacity as Commissioner of the NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES" is substituted as a defendant for "LUCIEN LECLAIRE, JR. in his capacity as Acting Commissioner of the NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES."

The case remains viable inasmuch as Plaintiff asserts Title VII claims against Brian Fischer, in his capacity as Commissioner of the New York State Department of Correctional Services, in the First Cause of Action.

**IT IS SO ORDERED.**

Dated: May 17, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge